# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK ANTHONY FLORES,<br><br>        Plaintiff,<br><br>    v.<br><br>VALLEY ROSE ADULT SCHOOL, et al.,<br><br>        Defendants. | Case No. 1:09-cv-01023-DLB (PC)<br><br>ORDER DISMISSING ACTION, WITH PREJUDICE, FOR FAILURE TO STATE ANY CLAIMS UPON WHICH RELIEF MAY BE GRANTED UNDER § 1983<br><br>(Doc. 10)<br><br>DISMISSAL SHALL COUNT AS A STRIKE PURSUANT TO 28 U.S.C. § 1915(g) |

**I.      Order**

Plaintiff Mark Anthony Flores ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed his original complaint on June 3, 2009, in the Sacramento Division.  (Doc. 1.)  The action was transferred to the Fresno Division on June 11, 2009.  (Doc. 3.)  On June 22, 2009, Plaintiff filed a first amended complaint.  (Doc. 10.)  Plaintiff consented to magistrate judge jurisdiction on June 22, 2009. (Doc. 6.)

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall

dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. Id.

## II.    Summary of First Amended Complaint

Plaintiff was formerly incarcerated at Wasco State Prison ("WSP") in Kern County, California. Plaintiff names as defendants: principal M. Koopi of the Valley Rose Adult School. Plaintiff also names Valley Rose Adult School as a defendant.

Plaintiff alleges the following. On February 23, 2009, Plaintiff was incarcerated in B yard, SNY (sensitive needs yard) at WSP. Plaintiff was not eligible to participate in a bridging school program. Plaintiff alleges that defendant Koppi and his teachers made no effort to educate prisoners in B yard because they consider SNY inmates unworthy. As a result of defendant Koopi's negligence, Plaintiff suffered social and psychological torture from long term sensory deprivation. Plaintiff seeks monetary damages.

## III.   Discussion

Plaintiff possibly alleges a due process claim and an Eighth Amendment claim for being deprived access to a school program. The Due Process Clause protects against the deprivation of liberty without due process of law. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). In order to invoke the protection of the Due Process Clause, a plaintiff must first establish the existence of a liberty interest for which the protection is sought. Liberty interests may arise from the Due Process Clause itself or from state law. Wilkinson v. Austin, 125 S. Ct. 2384, 2393 (2005). The Due Process Clause itself does not confer on inmates a liberty interest in avoiding "more adverse

conditions of confinement." <u>Wilkinson</u>, 125 S. Ct. at 2393; <u>Hewitt v. Helms</u>, 459 U.S. 460, 466-68 (1983). Under state law, the existence of a liberty interest created by prison regulations is determined by focusing on the nature of the deprivation. <u>Sandin v. Conner</u>, 515 U.S. 472, 481-84 (1995). Such interests are limited to freedom from restraint which "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." <u>Id.</u> at 484. There is however no constitutional right to rehabilitation programs. See <u>Coakley v. Murphy</u>, 884 F.2d 1218, 1221 (9th Cir. 1989) (citing <u>Rizzo v. Dawson</u>, 778 F.2d 527, 531 (9th Cir. 1985)). Furthermore, "[i]dleness and the lack of [vocational and rehabilitative] programs" does not violate the Eighth Amendment. <u>Hoptowit v. Ray</u>, 682 F.2d 1237, 1254-55 (9th Cir. 1982). Merely being denied access to an educational program does not violate any constitutional rights.

Plaintiff fails to state any cognizable claims under § 1983. The deficiencies in Plaintiff's complaint cannot possibly be cured by the allegation of other facts. See <u>Lopez v. Smith</u>, 203 F.3d 1122, 1127 (9th Cir. 2000). Leave to amend will thus not be granted.

**IV.   Conclusion and Order**

For the foregoing reasons, Plaintiff fails to state any cognizable § 1983 claims against any defendants. Based on the deficiencies in his first amended complaint, leave to amend will not be granted. See <u>Lopez v. Smith</u>, F.3d 1122, 1127 (9th Cir. 2000).

Accordingly, the Court HEREBY ORDERS that this action be dismissed, with prejudice, for failure to state any claims upon which relief may be granted under § 1983. This dismissal shall count as a strike pursuant to 28 U.S.C. § 1915(g).

IT IS SO ORDERED.

Dated:   **November 2, 2009**             /s/ Dennis L. Beck
                                         UNITED STATES MAGISTRATE JUDGE